**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Haskel RAY, Defendant-Appellant.**

No. 80–5182.

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1981.

Decided July 2, 1981.

Donald B. Roe, Oak Ridge, Tenn. (court appointed), for defendant-appellant.

John H. Cary, U. S. Atty., Richard Harris, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellee.

Before EDWARDS, Chief Judge, and WEICK and MERRITT, Circuit Judges.

PER CURIAM.

In this case defendant-appellant Ray owned a tract of undeveloped mountain land upon which he was apparently undertaking strip mining operations. When inspectors from the Office of Surface Mining (OSM) entered the area with a Deputy United States Marshal to make an inspection "without advance notice" as authorized

by 30 U.S.C. § 1267 (Supp. II 1978), appellant approached them, blocked the government vehicle in which they were riding and ordered them off the premises. The inspectors and the Marshal left, leaving the vehicle on the site, and subsequently these charges alleging willful interference with OSM inspectors (in violation of 30 U.S.C. § 1294 (Supp. II 1978) were filed. After trial to a jury and a finding of guilt, Judge Robert Taylor sentenced appellant to 12 months' probation. This appeal was filed claiming that the entry of the OSM inspectors without a search warrant violated the Fourth Amendment.

This court has previously dealt with these exact Fourth Amendment issues in *Marshall v. Nolichuckey Sand Company*, 606 F.2d 693 (6th Cir. 1979), *cert. denied*, 446 U.S. 908, 100 S.Ct. 1835, 64 L.Ed.2d 261 (1980). In that case, we held an open site inspection in the traditionally highly regulated mining industry constitutionally permissible where there was no evidence of invasion of the privacy interest of home or office and statutory provisions allowed the inspection without warrant. Our opinion in *Nolichuckey* was based in major part upon the Supreme Court's discussion in *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978).

Since we believe that *Nolichuckey* and *Barlow's, Inc.* are controlling precedents which require affirmance of the District Court's judgment in this case;

Now therefore, the judgment of conviction is affirmed.[1]

---

1. After typesetting of this opinion, this court received notice of the United States Supreme Court's decision in *Donovan v. Dewey*, —— U.S. ——, 101 S.Ct. 2534, 69 L.Ed.2d 262 (1981), which further confirms the judgment entered above.